**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RECEIVED
JANUARY 24, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JORGE CERVANTES, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, and | ) | |
| Unknown Chicago Police Officers | ) | |
| John Does 1-10, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**08 C 529**

**JUDGE LINDBERG
MAGISTRATE JUDGE BROWN**

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. At approximately 2:30 a.m. on June 16, 2007, Plaintiff JORGE CERVANTES was walking through an alley located near 4744 South Bishop in Chicago.

9. Plaintiff was walking to his cousin's house located at 48th and Loomis in Chicago.

10. Plaintiff heard gunshots.

11. Plaintiff did not have a gun.

12. A Chicago police car pulled into the alley where Plaintiff was walking.

13. Two male Chicago police officers, Defendants herein, exited the car and pointed their guns at Plaintiff.

14. The Defendant-Officers ordered Plaintiff to "freeze" and "get on the ground."

15. Plaintiff complied with the Defendant-Officers' orders.

16. The Defendant-Officers handcuffed Plaintiff.

17. Defendant-Officers intentionally put the handcuffs on Plaintiff excessively tight and they caused him extreme physical pain.

18. Plaintiff was seized and not free to leave.

19. Additional police officers, Defendants herein, arrived on the scene.

20. Defendant-Officers kicked Plaintiff in the legs and side.

21. Defendant-Officers asked Plaintiff, "Where's the gun, motherfucker."

22. Plaintiff said that he didn't have a gun.

23. Defendant-Officers dragged Plaintiff into a gangway.

24. Defendant-Officers beat on Plaintiff even more in the gangway. Plaintiff was still in handcuffs.

25. Two police officers wearing white shirts arrived on the scene.

26. A white-shirt officer told the Defendant-Officers to hold Plaintiff until the officer "ran" Plaintiff's name.

27. After running Plaintiff's name, the officer told Plaintiff, "You were just in the wrong place at the wrong time."

28. Defendant-Officers removed Plaintiff's handcuffs and told Plaintiff he was free to leave.

29. The next day Plaintiff went to Holy Cross Hospital for medical attention for the injuries from the above-described beating.

30. Plaintiff filed a complaint for battery against the Defendant-Officers under RD number HN-411049.

31. Plaintiff also made a complaint to the Office of Professional Standards.

32. Each individual Defendant-Officer acted willfully, wantonly, maliciously,

oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

33. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

34. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

36. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

37. The actions of Defendant-Officers in seizing Plaintiff without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs,

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

38. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

39. Defendant-Officers pointed their guns at Plaintiff.

40. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs,

d) Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

41. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

42. Defendant-Officers purposely put handcuffs on Plaintiff excessively tight, which caused Plaintiff extreme pain and suffering.

43. Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against Defendant-Officers,

b)   Award compensatory and punitive damages, as determined at trial,

c)   Award attorneys' fees and costs,

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Excessive Force)

44. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

45. The actions of Defendants in punching, kicking and dragging Plaintiff into a gangway and beating Plaintiff while handcuffed, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)   Enter judgment against Defendant-Officers,

b)   Award compensatory and punitive damages, as determined at trial,

c)   Award attorneys' fees and costs,

d)   Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Failure to Intervene)

46. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

47. While Plaintiff was subjected to excessive force as described above, Defendant-

Officers had an opportunity to intervene, but chose not to intervene.

48. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs,

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

49. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595