UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE CERVANTES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 529 |
| | ) | |
| vs. | ) | Judge Lindberg |
| | ) | |
| CITY OF CHICAGO, and Chicago Police Officers | ) | Magistrate Judge Brown |
| MATTHEW DARLING, Star 12393, MARK | ) | |
| FOSTER, Star 16968, WILLIAM BUGLIO, Star | ) | |
| 3983, HERMOGENE DEL TORO, JR., Star 6853, | ) | |
| RICARDO SANCHEZ, Star 15823, AARON | ) | |
| AARON CARRANZA, Star 13693, GREG | ) | Jury Demand |
| KILLMER, Star 5095, MIGUEL VAZQUEZ, Star | ) | |
| 16531, JAMES ANDERSON, Star 21022, and, | ) | |
| ROZILLIUS CAIN, Star 10724, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants City of Chicago and Police Officers Mark Foster, Matthew Darling, William Buglio, Hermogene Del Toro, Jr. Ricardo Sanchez, Aaron Carranza, Greg Killmer, Miguel Vazquez, James Anderson and Rozillius Cain ("Defendants"), by their attorney Mary McDonald, Assistant Corporation Counsel for the City of Chicago, hereby submit their Answer, Defenses, and Jury Demand to plaintiff's First Amended Complaint, as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**    Defendants admit this is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Defendants deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this paragraph.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER:** Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

7.      The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:**   Defendants admit the allegations of this paragraph but deny they engaged in any wrongdoing or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

**Facts**

8.      At approximately 2:30 a.m. on June 16, 2007, Plaintiff JORGE CERVANTES was walking through an alley located near 4744 South Bishop in Chicago.

**ANSWER:**   Defendants lack sufficient information to admit or deny the allegations of this paragraph.

9.      Plaintiff was walking to his cousin's house located at 48th and Loomis.

**ANSWER:**   Defendants lack sufficient information to admit or deny the allegations of this paragraph.

10.     Plaintiff did not have a gun.

**ANSWER:**   Defendants lack sufficient information to admit or deny the allegations of this paragraph.

11.     Plaintiff heard gunshots.

**ANSWER:**   Defendants lack sufficient information to admit or deny the allegations of this paragraph.

12.     Defendants MATTHEW DARLING and MARK FOSTER pulled their police car into the alley where Plaintiff was walking and stopped.

**ANSWER:**   Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson, Killmer, Vazquez and Cain lack sufficient information to admit or deny the allegations of this paragraph.

Defendants Darling and Foster deny they pulled their police car into an alley.

13.     Defendants DARLING and FOSTER exited their car and pointed their guns at Plaintiff.

**ANSWER:** Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson, Killmer, Vazquez and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendants Darling and Foster deny the allegations of this paragraph.

14.     Defendants DARLING and FOSTER ordered Plaintiff to "freeze" and "get on the ground."

**ANSWER:**   Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson, Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits that he ordered a subject to get on the ground in an alley. Defendant Foster lack sufficient information to admit or deny whether this subject was plaintiff.

15.     Plaintiff complied with their orders.

**ANSWER:**   Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson, Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits that a subject complied with his order to get on the ground. Defendant Foster lack sufficient information to admit or deny whether this subject was plaintiff.

16.     Defendants DARLING and FOSTER handcuffed Plaintiff.

**ANSWER:**   Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits that he handcuffed a subject in the alley. Defendant Foster lack sufficient information to admit or deny whether this subject was plaintiff.

17. Defendants DARLING and FOSTER intentionally put the handcuffs on Plaintiff excessively tight and they caused him extreme physical pain.

**ANSWER:** Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster denies that the handcuffed a subject excessively tight and caused him extreme physical pain. Defendant Foster lack sufficient information to admit or deny whether this subject was plaintiff.

18. Plaintiff was seized and not free to leave.

**ANSWER:** Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits that he stopped a subject but lacks sufficient information to admit or deny whether the subject was plaintiff.

19. Additional Defendant-Officers arrived on the scene.

**ANSWER:** Defendants Buglio, Del Toro, Sanchez, Carranza, Anderson, Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits after he stopped a subject in an alley additional officers arrived. Defendant Foster lack sufficient information to admit or deny whether this subject was plaintiff.

20. Defendant-Officers kicked Plaintiff in the legs and side.

**ANSWER:** Defendants deny the allegations of this paragraph.

21. Defendant-Officers asked Plaintiff, "Where's the gun, motherfucker?"

**ANSWER:** Defendants deny the allegations of this paragraph.

22.	Plaintiff said that he didn't have a gun.

**ANSWER:**	Defendants Buglio, Del Toro, Sanchez, Carranza, Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster lacks sufficient information to admit or deny whether the subject he stopped was plaintiff but denies whoever he stopped said he didn't have a gun.

23.	Defendant-Officers dragged Plaintiff into a gangway.

**ANSWER:**	Defendants deny the allegations of this paragraph.

24.	Defendant-Officers beat on Plaintiff even more in the gangway. Plaintiff was still in handcuffs.

**ANSWER:**	Defendants deny the allegations of this paragraph.

25.	Chicago police officers Sgt. John Lee and Sgt. Michael Kuber arrived on the scene.

**ANSWER:**	Defendants lack sufficient information to admit or deny the allegations of this paragraph.

26.	Sergeants John Lee and Michael Kuber told the Defendant-Officers to hold Plaintiff until Plaintiff's name was "run."

**ANSWER:**	Defendants lack sufficient information to admit or deny the allegations of this paragraph.

27.	After running Plaintiff's name, one of the sergeants told Plaintiff that he was "just in the wrong place at the wrong time."

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations of this paragraph.

28.	Defendant-Officers removed Plaintiff's handcuffs and told Plaintiff he was free to leave.

**ANSWER:**   Defendants deny the allegations of this paragraph.

29.   The next day Plaintiff went to Holy Cross Hospital for medical attention for the injuries from the above-described beating.

**ANSWER:**   Defendants deny the allegations of this paragraph.

30.   Plaintiff filed a complaint for battery against the Defendant-Officers under RD number HN-411049 against unnamed police officers.

**ANSWER:**   Upon information and belief, Defendants admit that plaintiff filed a complaint for battery under RD number HN-411049.  Defendants deny that it was against them.

31.   Plaintiff also made a complaint to the Office of Professional Standards.

**ANSWER:**   Upon information and belief, Defendants admit the allegations of this paragraph.

32.   Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:**   Defendants deny the allegations of this paragraph.

33.   As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

**ANSWER:**   Defendants deny the allegations of this paragraph.

### COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

34.   Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**   Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35.   Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations of this paragraph.

36. Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

**ANSWER:** Defendants Buglio, Del Toro, Sanchez, Carranza, Killmer, Vazquez, Darling and Cain lack sufficient information to admit or deny the allegations of this paragraph. Defendant Foster admits that a subject was stopped but lacks sufficient information to admit or deny whether the subject he stopped was plaintiff.

37. The actions of Defendant-Officers in seizing Plaintiff without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count I of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

### COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

38. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:** Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

39. Defendants DARLING and FOSTER pointed their guns at Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

40. Defendants DARLING and FOSTER violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count II of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

### COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

41.     Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**   Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

42.     The actions of Defendants in punching, kicking and dragging Plaintiff into a gangway and beating Plaintiff while handcuffed, violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**   Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count III of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

### COUNT IV
### (42 U.S.C. § 1983- Failure to Intervene)

43.     Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**   Defendants answers to paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

44.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER:**   Defendants deny the allegations of this paragraph.

45.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**   Defendants deny the allegations of this paragraph.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count IV of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

46. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations of this paragraph.

47. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendants deny the allegations of this paragraph. Answering further, Defendant City of Chicago admits that it could be held liable for compensatory damages if awarded by a jury. The City denies that it is liable for any other judgment.

WHEREFORE, Defendants pray this Court dismiss, with prejudice Count V of plaintiff's complaint and to award costs and other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely police officers, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. The City is not liable to Plaintiff if its employees or agents are not liable to the

-10-

Plaintiff. 745 ILCS 10/2-109.

## JURY DEMAND

Defendants hereby demands a jury trial.

                        Respectfully submitted,

                        *Mary S. McDonald*
                        MARY McDONALD
                        Assistant Corporation Counsel
                        30 N. LaSalle Street,
                        Suite 1400
                        Chicago, Illinois 60602
                        (312) 744-8307
                        (312) 744-6566 (Fax)
                        Atty. No. 06199995